UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDY WATERS,

    Plaintiff,

v.                                                        Case No. 3:22-cv-333-MMH-PDB

UNITED STATES OF AMERICA,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant United States' Motion to Dismiss and Memorandum in Support (Doc. 6; Motion) filed on May 24, 2022. Plaintiff Wendy Waters filed Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 8; Response) on June 14, 2022. Accordingly, the Motion is ripe for the Court's review.

On March 23, 2022, Waters initiated this negligence action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). See Complaint at 1 (Doc. 1). Waters alleges that she tripped and fell on a metal bracket protruding from a sidewalk near the main entrance of a United States Postal Service ("Postal Service") office in Jacksonville, Florida. Id. at 1–2. She further alleges that the Postal Service negligently maintained its premises by "allowing the metal brackets to remain on the sidewalk and/or failing to warn of the

existence of the metal brackets." Id. at 2. As a result of her fall, Waters alleges that she has suffered, and will continue to suffer, bodily injury, as well as pain, suffering, and mental anguish, and has incurred economic losses including medical expenses and lost wages. See id.

In the Motion, the United States seeks dismissal of Waters' Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure (Rule(s)). See Motion at 1. Specifically, the United States argues that Waters failed to exhaust her administrative remedies—a jurisdictional prerequisite to pursuing claims under the FTCA—because she did not adequately present her claim to the Postal Service before filing suit. See Motion at 4–6. Waters does not dispute that exhaustion is a prerequisite to pursuing an FTCA claim. See Response at 4–6. Instead, she argues that she presented her claim sufficiently to satisfy the FTCA's jurisdictional prerequisites. See Response at 2.

Before initiating this litigation, Waters submitted a Standard Form 95 ("SF-95") to the Postal Service. See Claim for Damage, Injury, or Death (Doc. 6-3; "First SF-95").[1] In the First SF-95, Waters identified herself as the claimant and described the basis of her claim as follows:

---

[1] Waters submitted the First SF-95 to the Postal Service with a letter dated June 10, 2020. See First SF-95 at 1. The Postal Service requested a version with an ink signature on June 15, 2020, and provided Waters with a blank form to complete. See Motion, Exhibit

> Ms. Waters had just got out of her truck and was walking to the entrance to the USPS located at 10990 Fort Caroline Rd., Jacksonville FL 32225. As Ms. Waters was walking along the sidewalk, her shoe caught an uncovered, free-standing metal bracket, approximately three inches high, embedded in the sidewalk. This metal bracket caused her to fall on to her face with such force she bounced off the ground and hit her face again.

First SF-95 at 2.[2]  She described the "nature and extent of each injury" as:

> Deviated septum, several large abrasions to Ms. Waters's face, injured right pinky, stiff neck and right shoulder, and headaches. Deviated septum will likely require surgery.

Id.  Finally, Waters identified her claim as one for personal injury valued at $5,000,000.  Id.

---

4 at 1 (Doc. 6-4).  On July 8, 2020, Waters returned this second form with an original signature.  See Motion, Exhibit 5 at 2–3 (Doc. 6-5; "Second SF-95").  This second, handwritten SF-95 contains similar information, but less of it.  Compare First SF-95 at 2 (including the phrase "approximately three inches high" in box 8, and describing Waters' injuries in box 10), with Second SF-95 at 2 (omitting the same phrase in box 8 and leaving box 10 blank).  The United States does not argue that the First SF-95 should be excluded in determining whether Waters sufficiently presented her claim.  Indeed, the United States acknowledges that both forms describe "the same claim for personal injuries" and that Waters provided the Postal Service with a description of "the body parts that she allegedly injured." Motion at 2, 6.  The description of injured body parts only appears in the First SF-95.  See Second SF-95 at 2.  Accordingly, the Court focuses on the First SF-95 in analyzing the instant Motion.

[2]  For ease of reference, the Court's citations to page numbers in documents in this record refer to the CM-ECF-stamped page numbers located at the top of each page, rather than a document's internal page numbers, if any.

## I.   Standard of Review

In any case, "a court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Attacks on subject matter jurisdiction based on Rule 12(b)(1) come in two forms: facial attacks and factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A factual attack "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).[3] When a defendant makes a factual attack, he is challenging the accuracy of the allegations, not their sufficiency. See, e.g., Valentin v. Hospital Bella Vista, 254 F.3d 358, 364 (1st Cir. 2001). In the matter before the Court, the United States mounts a factual attack to subject matter jurisdiction by arguing that, despite having submitted two SF-95 forms, Waters has not exhausted her administrative remedies as required by the

---

[3]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

FTCA.  See generally Motion.  Thus, the Court may consider extrinsic evidence such as testimony and affidavits to determine whether jurisdiction exists.  Lawrence, 919 F.2d at 1529 ("no presumptive truthfulness attaches to plaintiff's allegations").[4]

## II.  Discussion

"The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims."  Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (internal quotations omitted).  However, before instituting an action under the FTCA, a claimant must first exhaust the required administrative remedies.  McNeil v. United States, 508 U.S. 106, 107, 113 (1993); see also Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008).  If a party files suit in a district court before exhausting the statutory administrative remedies, the suit will be premature and the district court will lack subject matter jurisdiction over the action.  See Turner, 514 F.3d at 1200

---

[4] The Eleventh Circuit has cautioned that courts should only resolve a factual challenge to the existence of subject matter jurisdiction in ruling on a motion to dismiss pursuant to Rule 12(b)(1) "[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action."  See Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997)).  Here, the United States' challenge to the existence of subject matter jurisdiction does not implicate the merits of Waters' claim, it challenges her efforts to satisfy the prerequisites to pursuing that claim.

(quoting McNeil, 508 U.S. at 113 ("the FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies")).

To exhaust the required administrative remedies under the FTCA, a plaintiff must present the claim to the relevant federal agency. See 28 U.S.C. § 2675(a) (creating the FTCA's presentment requirement).[5]  Presentment of a claim requires a plaintiff to "(1) give[] the agency written notice of [the plaintiff's] claim sufficient to enable the agency to investigate, and (2) place[] a value on his or her claim." Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980). However, a plaintiff need not exceed these "minimal requirements" to satisfy the presentment requirement of § 2675(a). Id. at 292; see also Avery v. United States, 680 F.2d 608, 610 (9th Cir. 1982) (agreeing with Adams, and noting that the FTCA's "legislative history indicates that a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices" for jurisdiction).

In the instant Motion, the United States asserts that "the Code of Federal Regulations clarifies [the FTCA's] presentment requirement for USPS claims

---

[5]  Specifically, § 2675(a) states that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

in particular." Motion at 4. Specifically, the United States cites 39 C.F.R. § 912.8, which states that "[i]n order to exhaust the administrative remedy provided, a claimant shall submit substantial evidence to prove the extent of any losses incurred and any injury sustained, so as to provide the Postal Service with sufficient evidence for it to properly evaluate the claim." However, the Motion cites no authority supporting the contention that satisfaction of 39 C.F.R. § 912 is a jurisdictional requirement or that it modifies the holding of Adams. In Adams, the former Fifth Circuit held that an FTCA regulation did not create a jurisdictional bar because it was created under the authority of 28 U.S.C. § 2672, which permits agencies to promulgate regulations to facilitate settlement. See Adams, 615 F.2d at 288. The regulation at issue here, § 912, is different from those in Adams because § 912 was ostensibly promulgated under 28 U.S.C. §§ 2671–2680, not just § 2672. See 39 C.F.R. § 912; Adams, 615 F.2d at 288. However, § 2672 is "the only provision in the Federal Tort Claims Act which authorizes the promulgation of agency regulations." Pagel v. United States, 986 F. Supp. 1315, 1325 (N.D. Cal. 1997) (applying the reasoning of Adams to "reject[] the contention that 39 C.F.R. § 912.7(b) and 912.8 were duly promulgated to clarify or implement the requirements for claim

presentation in 28 U.S.C. § 2675(a)");[6] see also Knapp v. United States, 844 F.2d 376, 379 (6th Cir. 1988) ("Section 2675(a) requires only 'minimal notice' consisting of the two elements identified in Adams—a sufficient description of the injury to enable the agency to conduct an investigation, and a statement of the value of the claim."); Byrne v. United States, 804 F. Supp. 577, 581–82 (S.D.N.Y. 1992) (explaining that "the Attorney General simply lacks the statutory authority to promulgate jurisdictional regulations under section 2675"). Moreover, as the Adams court held, "[a]n agency's demand for anything more than a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation and a claim for money damages is unwarranted and unauthorized" as part of the jurisdictional scheme.[7]  615 F.2d at 292; accord Avery, 680 F.2d at 610–11 (adopting the holding of Adams as "the proper one," and reasoning that "Section 2675(a) was not intended to allow an agency to

---

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[7] The Adams court noted that this statement was "especially true" when the agency already possesses the additional information it demands from the plaintiff. Adams, 615 F.2d at 292. However, the Eleventh Circuit has "expressly reject[ed]" the assertion that the holding of Adams is "tied to" or "dependent upon" the agency's possession of the requested information. Tidd v. United States, 786 F.2d 1565, 1569 n.9 (11th Cir. 1986).

insist on proof of a claim to its satisfaction before the claimant becomes entitled to a day in court").

Accordingly, the question is whether Waters (1) gave the Postal Service sufficient written notice to enable an investigation, and (2) placed a value on her claim. See Adams, 615 F.2d at 292. The United States does not dispute that the second requirement was satisfied. See Motion at 2 (describing how Waters valued her claim at $5,000,000). Instead, the United States argues that the Postal Service "was not able to investigate" Waters' claim with "nothing more than her name and the body parts that she allegedly injured in her fall."[8] Motion at 6. The United States relies on two cases as part of this argument, neither of which supports its request for dismissal.

First, the United States cites Tidd v. United States, 786 F.2d 1565 (11th Cir. 1986), to discuss the reach of Adams. Motion at 5. In Tidd, the plaintiff alleged that she developed Guillain–Barré syndrome after receiving a swine flu

---

[8] The United States also argues that Waters provided no information "to substantiate" her injuries. Motion at 6. On this point, the Motion emphasizes that the Postal Service requested additional medical documentation from Waters on four occasions, and that Waters never complied. See Motion at 1–3. While this may be a failure to comply with Postal Service settlement regulations, see 39 C.F.R. § 912.8 (requiring claimants to "submit substantial evidence" to prove claimed losses), that does not establish that the claim was improperly presented in a jurisdictional sense. See Adams, 615 F.2d at 292; see also Collins v. United States, 996 F.3d 102, 115–116 (2d Cir. 2021) (joining "the overwhelming majority" of appellate courts in concluding that "a claimant who fails to provide supporting evidence for a well-presented FTCA claim may be denied an administrative settlement, but not [her] day in court").

vaccine in 1976.  Tidd, 786 F.3d at 1566.  Her SF-95 represented that she was vaccinated in Maylene, Alabama, on December 5, but included no other information about the circumstances of her vaccination.  Id.  When the Justice Department asked for more information, the plaintiff's attorney stated that the plaintiff had instead "received her vaccine from a county nurse at a clinic in Vestavia, Alabama and that [the plaintiff] was unable to provide the remaining information due to her condition."  Id.  The Justice Department's records showed that no county clinic had operated in Vestavia during December of 1976.  Id.  Despite repeated requests, the plaintiff's counsel provided no clarifying information.  Id.  When the plaintiff ultimately filed her complaint, she claimed she received the vaccination on October 21, 1976.  Id.  In its analysis, the Eleventh Circuit Court of Appeals noted that the agency had "three, and only three, pieces of information relevant to the claim: that [the plaintiff] received a swine flu vaccine resulting in injury; that the vaccine was received on December 5, 1976; and that the location of the clinic where the vaccine was received was Maylene, Alabama."  Id. at 1568.  The court then observed that, by the plaintiff's own account, "the latter two assertions are incorrect."  Id.  While cautioning that it did not adopt a "precise rule as to what exact facts" are necessary for presentment, the court reasoned that "[i]n some cases, the location alone may be sufficient."  Id. at 1569 n.10.  However, when coupled with the

lack of accurate information, the "vast numbers of swine flu clinics and programs" had "relegated the government to locating the proverbial needle of a single inoculation out of a haystack of thousands of such inoculations." Id. Indeed, the form included no other "distinguishing factors or leads . . . , such as the name of a county program or private service providing the inoculation." Id. at 1568. Without "the location and approximate date" of the incident, the SF-95 in Tidd did not provide enough information for the agency to investigate. Id.

In reaching this conclusion, the court was careful to distinguish the relevant necessary facts from those not required to satisfy the jurisdictional presentment requirement:

> We perceive this case as involving two categories of information. The first category involves information surrounding the circumstances under which the vaccine was received, such as the date, time, location, and sponsor of the vaccination. The second category . . . involves more specific information, such as medical records of treating physicians, itemized copies of medical bills and insurance details. The Adams court specifically determined that the failure to provide this latter information . . . does not act as a jurisdictional bar to a FTCA suit under § 2675.

Id. at 1568–69. In the instant case, Waters fully provided the first category of information. Her form describes the date ("11/19/2019"), time ("3:45 p.m."), location (a sidewalk at "10990 Fort Caroline Rd., Jacksonville FL"), and

property owner (the Postal Service).  First SF-95 at 2.  It also describes the mechanism of injury, "an uncovered, free-standing metal bracket, approximately three inches high, embedded in the sidewalk," as well as the physical injuries she suffered.  Id.  And the United States does not argue that these details are contradictory, as was the case in Tidd.  See Tidd, 786 F.3d at 1568.  Rather, it argues that Waters failed to provide the latter category of information: medical documentation supporting the claim of injury.  Accordingly, Tidd does not support a conclusion that Waters failed to exhaust her administrative remedies.

The United States also argues by analogy to Blackmon v. United States, No. 3:20-cv-739, 2021 WL 4254863 (S.D. Miss. Sept. 17, 2021).  In that case, the plaintiff submitted an SF-95 regarding a car accident with a Postal Service employee.  Id. at *1.  This form identified the employee and described the circumstances of the accident, and even identified the plaintiff's car and insurance information.  Id. at *4.  However, the plaintiff did not claim property damages regarding her car.  Id.  Instead, she sought $250,000 in personal injury damages.  Id.  These damages were described only with the words "injured neck, shoulders, back."  Id.  The court held that this was insufficient.  Id. at *9.  While the court did state that the Postal Service did not have enough information "to be able to verify that any physical injury

occurred," this statement referred to the lack of any descriptive information whatsoever, not just substantive evidence. See id. Specifically, the court highlighted the lack of "any medical information—no doctors' names, no description of the extent or nature of her injuries, no diagnosis, no prognosis." Id. (emphasis added). While the plaintiff could have cured her inadequate SF-95 by providing clarifying details—descriptive medical records being one example—the plaintiff failed to do so. Id. Accordingly, she had not exhausted her administrative remedies and the court had no jurisdiction. Id.

Waters' description of her injuries is significantly more detailed than the description in Blackmon. Rather than a conclusory four-word statement, Waters described her injuries as including a deviated septum, "several large abrasions" on her face, and a stiff neck and right shoulder, among others. First SF-95 at 2. She further claimed that her deviated septum "will likely require surgery." Id. While this may not have been enough to prove the damages or their precise value for purposes of settlement, it was enough—combined with the detailed description of the accident—for the Postal Service "to begin its own investigation." Adams, 615 F.2d at 292; see also Collins, 996 F.3d at 113–14 (noting that jurisdiction does not depend on whether the agency "could reasonably be expected to complete its investigation or reach a precise valuation

of the claim" before the plaintiff files an FTCA action). Waters has thus satisfied the presentment requirement for her FTCA claim.

### III.  Conclusion

Because Waters complied with the jurisdictional presentment requirements of § 2675, the United States' Motion is due to be denied. Accordingly, it is

**ORDERED:**

1. The United States' Motion to Dismiss and Memorandum in Support (Doc. 6) is **DENIED**.

2. The United States must file an answer to the Complaint on or before February 8, 2023.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of January, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record