UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDY WATERS,

    Plaintiff,

v.                                                    Case No. 3:22-cv-333-MMH-PDB

UNITED STATES OF AMERICA,

    Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 25; Motion) filed on September 29, 2023. Plaintiff filed a response in opposition to the Motion on October 24, 2023. See Plaintiff's Response to Defendant's Motion to Dismiss Complaint for Failure to Prosecute (Doc. 27; Response). Accordingly, the Motion is ripe for the Court's consideration.

In the Motion, Defendant seeks dismissal of this action because "Plaintiff has failed to prosecute." Motion at 1. In doing so, Defendant cites Rule 41(b) of the Federal Rules of Civil Procedure (Rule(s)) as well as Local Rule 3.10 of the Local Rules of the United States District Court, Middle District of Florida (Local Rule(s)). However, Defendant fails to address the applicable standard for dismissal under Rule 41(b) and fails to explain why dismissal for failure to

prosecute would be proper under Local Rule 3.10 in this action where Plaintiff has not failed to respond to an order to show cause why the action should not be dismissed. See Local Rule 3.10 ("A plaintiff's failure to prosecute can result in dismissal <u>if the plaintiff in response to an order to show cause fails</u> to demonstrate due diligence and just cause for the delay."). Upon review of the record and the applicable legal standards, the Court finds that the Motion borders on frivolous and is due to be denied.

On March 23, 2022, Plaintiff, Wendy Waters, initiated this negligence action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). See Complaint at 1 (Doc. 1). Waters alleges that she tripped and fell on a metal bracket protruding from a sidewalk near the main entrance of a United States Postal Service ("Postal Service") office in Jacksonville, Florida. Id. at 1–2. She further alleges that the Postal Service negligently maintained its premises by "allowing the metal brackets to remain on the sidewalk and/or failing to warn of the existence of the metal brackets." Id. at 2. As a result of her fall, Waters asserts that she has suffered, and will continue to suffer, bodily injury, as well as pain, suffering, and mental anguish, and has incurred economic losses including medical expenses and lost wages. See id.

On July 13, 2022, the Court issued an Order to Show Cause (Doc. 9; OTSC) directing Plaintiff and Defendant to show cause why the action should not be dismissed or sanctions imposed due to the parties' failure to file a Case Management Report as required by Local Rule 3.02. Both Plaintiff and Defendant responded with Plaintiff explaining that counsel mistakenly believed a Case Management Report was not required as a motion to dismiss was pending and Defendant's counsel stating that she inadvertently neglected to calendar the deadline for filing the Case Management Report. See Plaintiff's Response to Order to Show Cause (Doc. 15); Defendant's Response to Order to Show Cause (Doc. 17). The Court discharged the OTSC on July 28, 2022. See Endorsed Order (Doc. 18).

On July 20, 2022, after the parties filed their Case Management Report (Doc. 12; CMR), the Court entered a Case Management and Scheduling Order (Doc. 13; CMSO) which included, amongst others, the following deadlines:

| | |
|---|---|
| Plaintiff's Expert Disclosures: | 1/31/23 |
| Defendant's Expert Disclosures: | 4/28/23 |
| Rebuttal Expert Disclosures: | 5/31/23 |
| Completion of Discovery: | 8/31/23 |
| Dispositive and Daubert Motions: | 9/29/23 |
| Mediation Deadline: | 10/31/23 |

Three and a half months after entry of the CMSO, Defendant served written discovery requests on Plaintiff. See Motion at 2; Response at 2. Responses to the discovery requests were due December 8, 2022. See id. Not having

received responses to the outstanding discovery requests, Defendant emailed Plaintiff's counsel requesting an update on the status of the discovery responses. See Motion at 2-3; Response at 2. In response, Plaintiff requested, and Defendant agreed to, an extension of time through February 8, 2023, for service of Plaintiff's discovery responses. See Motion at 3; Response at 2. But, Plaintiff failed to meet that deadline and when Defendant sent an email on February 13, 2023, inquiring about the delinquent discovery responses, Plaintiff failed to respond. See Motion at 3; Response at 2. Between February 13, 2023, and July 3, 2023, neither Plaintiff nor Defendant appears to have taken any action to litigate the claim before the Court in this case.

On July 3, 2023, Defendant again inquired about the tardy discovery responses as well as Plaintiff's expert disclosures. See Motion at 3; Response at 2. In response, counsel for Plaintiff requested a telephone conference with defense counsel and on July 5, 2023, defense counsel's legal assistant provided Plaintiff's counsel with proposed dates for the requested call. See Motion at 3; Response at 3. But Plaintiff's counsel failed to respond to that email or provide discovery responses. See Motion at 3; Response at 3.[1] And again, all action

---

[1] In the Response, Plaintiff's counsel seems to suggest that the reason for the missed deadlines and the failures to communicate was changes in counsel of record. But that explanation, if that is what it was meant to be, cannot account for the complete failure to participate in discovery for a period of nine months.

in this case appears to have stopped. Despite the upcoming discovery deadline and the fact that the Court's CMSO requires that discovery motions be filed no later than the close of discovery, Defendant did not file a motion to compel responses to the outstanding discovery requests. See CMSO at 2. Nor does it appear that Defendant pressed Plaintiff's counsel for the responses or attempted to schedule a deposition of the Plaintiff. Instead, Defendant allowed the discovery deadline to pass and waited until September 29, 2023, the dispositive motions deadline, to file the instant motion seeking dismissal of this action for Plaintiff's failure to prosecute. See generally Motion.

As noted above, although Defendant cites Rule 41(b) as authorizing dismissal of this action in the Motion, Defendant fails to identify the standard applied in considering such a request. Rule 41(b) "authorize[s] a district court, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule." Manning v. Ga. Med. Billing Specialists, Inc., No. CV 204-186, 2005 WL 1638369, at *1 (S.D. Ga. July 12, 2005) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). Pursuant to Rule 41(b), dismissal of an action is appropriate when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth, 766 F.2d at 1535 (emphasis added); see also Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993) (reversing dismissal under Rule 41(b) where the record

did not support a finding of willful delay); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).[2]  Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules.  See Rule 41(b); see also Goforth, 766 F.2d at 1535.  However, that discretion is not unlimited, and the Court is mindful that dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable."  McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).  "A finding of such extreme circumstances necessary to support a sanction of dismissal must, at a minimum, be based on evidence of willful delay."  Id.  "A party's simple negligence or other action grounded in a misunderstanding of a court order does not warrant dismissal."  EEOC v. Troy State Univ., 693 F.2d 1353, 1357 (11th Cir. 1982).  Moreover, the record must also support a finding "that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005) ("Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

sanctions are inadequate to correct such conduct.").

Here, the Court can neither make a finding of willful delay nor a finding that a sanction less drastic than dismissal would suffice. There certainly appears to have been delay caused by Plaintiff's failure to participate in discovery. However, based on the record, the Court cannot determine whether Plaintiff or Plaintiff's counsel acted willfully, as opposed to negligently. More importantly, the Court has no basis whatsoever to conclude that no lesser sanction would suffice such that dismissal would be warranted. And the absence of any record to support such a finding is entirely due to the decisions of defense counsel. Indeed, while Plaintiff has not diligently prosecuted this action, Defendant has not diligently defended it. Instead of allowing almost five months to pass after the extended deadline for receipt of discovery responses, Defendant could have inquired promptly and, if necessary, could have advised of an intention to file a motion to compel responses as required by Local Rule 3.01(g). If that conferral did not yield responses, Defendant could have filed a motion to compel responses to the outstanding discovery. If such a motion resulted in an order to respond and Plaintiff again failed that might have supported a finding of willful delay. And if the Court ordered a sanction that failed to prompt compliance Defendant could have argued that such was evidence that no lesser sanction would suffice. But Defendant did none of

those things - instead waiting almost five full months to check on the progress of the case. Even then, when Plaintiff's counsel failed to respond to the July 5, 2023 email proposing dates to confer, Defendant still took no action to compel responses or suggest that it intended to seek any sanction. Yet, Defendant now seeks the most drastic sanction – dismissal of Plaintiff's claims. Notably, Rule 37 provides a mechanism and a framework for compelling responses to discovery requests and for seeking sanctions for failure to appropriately respond. And that Rule provides restrictions on the Court's authority to impose sanctions. See Rule 37(a)(5). Defendant provides no explanation or justification for its decision to bypass the Rule 37 procedures and instead simply seek dismissal of this action under Rule 41.

Defendant's request for dismissal under the Court's Local Rules fares no better. Local Rule 3.10 provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for the delay." Certainly, a failure to diligently participate in discovery, in appropriate circumstances, may warrant entry of an order to show cause. However, Defendant fails to explain how such a failure to participate in discovery, absent entry of an order to show cause and absent an opportunity to respond, would justify dismissal under Local Rule 3.10. It does not.

This action has been pending for more than 20 months yet it appears that the parties have not even exchanged the most basic discovery.  Plaintiff has utterly failed to comply with her discovery obligations under the Rules and the change in counsel is really no excuse for neglecting the litigation in this way. But, because Defendant did not pursue the remedies available under the Rules for Plaintiff's discovery failings and has not presented any other lawful basis for dismissal, this action remains pending before the Court.  Troublingly, it is set for trial on the Court's March 2024 trial term.  To address the unacceptable procedural posture of the case, counsel are directed to appear before the assigned Magistrate Judge as directed by further order to address the status of the case and future proceedings.

In light of the foregoing, it is

**ORDERED:**

1. Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 25) is **DENIED**.

2. Plaintiff and Defendant must appear before the Honorable Patricia D. Barksdale, United States Magistrate Judge, as directed by further order to address the status of the case and future proceedings.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of December, 2023.

*[Signature]*

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record